**Affirmed and Memorandum Opinion filed January 27, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00082-CR

### RAYMOND EUGENE HARVEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1371500**

## M E M O R A N D U M   O P I N I O N

Appellant Raymond Eugene Harvey appeals his conviction for possession with intent to deliver between four and 200 grams of cocaine on the grounds that (1) the evidence is insufficient to support his conviction, and (2) the statutory definition of "adulterants and dilutants" is facially unconstitutional. *See* Tex. Health & Safety Code Ann. § 481.112 (West, Westlaw through 2013 3d C.S.). We affirm.

## BACKGROUND

On December 11, 2012, Officer Leonard Smith of the Houston Police Department went to a residence at 5243 Dumore because he had received notification from citizens and other officers that illegal narcotics potentially were being sold from the house at that address. Smith was familiar with the house because he previously had arrested people who were at that location or were leaving the location. When Smith arrived at the Dumore location he observed an African-American male walk out of the house and approach a vehicle where he made a hand-to-hand transaction through the open window of the car. Based on his experience and training, Smith believed he had witnessed a narcotics transaction. When the African-American male saw the marked patrol car approaching the house, he "immediately had a startled look on his face and turned and made straight back for the house, walked real quickly back toward the house."

Smith followed the car as it drove away from the house. He stopped the driver for a traffic violation and found $850.00 in the driver's purse but no narcotics in the car. Smith returned to the house and knocked on the front door. Appellant came to the front door, opened it, saw Smith, and immediately closed the front door. Smith asked appellant if he lived at the house. Appellant, answering through a side window, told Smith he had lived in the house for four months. Prior to this encounter, Smith had seen appellant at the house once before. In response to Smith's questions, appellant gave a false name and two false birthdates. Before leaving the house, Smith made note of several municipal code violations.

Smith returned to the house on December 17, 2012, with two other officers and issued a citation to appellant for the municipal code violations. Upon learning appellant's identity, Smith also learned of an outstanding arrest warrant for appellant due to a parole violation.

Kenneth Norris, appellant's cousin, also was present on the property on December 17. Norris explained that his and appellant's grandmother had owned the house, and that the status of ownership was pending the probate of her estate. Norris gave consent to search the house. Norris also told Smith that appellant was living in the house.

Officers found a key to the house in appellant's pocket and used it to gain entry to search the house. When Smith entered the house he saw lawn equipment stacked throughout the house, a partially caved-in roof, and urine and feces all over the house from a dog that was tied up outside the garage. The only livable room in the house was the front room from which appellant had spoken with Smith on December 11. Officers found no other individual in the house.

Officer Michael Glover entered the house on December 17, 2012, and also noticed trash, lawn equipment, and the partially caved-in roof. Glover recovered approximately 36 grams of crack cocaine from the refrigerator in the house. The refrigerator contained very little food and three boxes of baking soda, which Glover testified is commonly used in making crack cocaine.

In his pocket, appellant had the key to the house and the keys to one of the cars parked in the driveway. Officer Robert Muller testified that he had seen appellant at the house at least six times. A chemist testified that the recovered cocaine weighed 34.09 grams.

## ANALYSIS

### I.     The evidence is sufficient to support appellant's conviction

In his first issue appellant contends the evidence is insufficient to support his conviction because the State failed to show sufficient links between appellant and the controlled substance, and failed to prove appellant had custody and control

over the substance. Specifically, appellant contends there is no evidence that appellant lived at the residence where the cocaine was seized.

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single legal sufficiency standard set out in *Jackson v. Virginia,* 443 U.S. 307 (1979). *See Matlock v. State,* 392 S.W.3d 662, 673 (Tex. Crim. App. 2013); *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *see also Jackson,* 443 U.S. at 319. The jury is the exclusive judge of the credibility of witnesses and the weight to be given to the evidence. *See Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence. *Id.* We draw all reasonable inferences from the evidence in favor of the verdict. *Id.*

A person commits an offense if he knowingly or intentionally possesses cocaine weighing, by aggregate weight, including adulterants and dilutants, four grams or more but less than 200 grams. Tex. Health & Safety Code Ann. § 481.112(d). To prove possession, the State must show the accused (1) exercised control, management, or care over the contraband, and (2) knew the substance possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Roberts v. State*, 321 S.W.3d 545, 548 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Possession may be proved through either direct or circumstantial evidence. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005).

4

When the accused is not in exclusive possession or control of the place where contraband is discovered, the State must show additional facts and circumstances affirmatively linking the accused to the contraband to show the accused's knowledge of or control over the contraband. *Id*. at 406; *Roberts*, 321 S.W.3d at 549. We consider the totality of the circumstances when determining whether the accused is linked to the recovered contraband. *Roberts*, 321 S.W.3d at 549. The accused's connection with the contraband must be "more than just fortuitous." *Poindexter*, 153 S.W.3d at 405–06. Mere presence at the scene where contraband is found is insufficient, by itself, to establish possession. *Evans*, 202 S.W.3d at 162. Presence or proximity, combined with other evidence or links may be sufficient to establish the element of possession beyond a reasonable doubt. *Id*. The number of links is not dispositive; establishing possession depends on the logical force of all the evidence. *Id*.

The following non-exclusive "affirmative links" have been recognized as sufficient, either singly or in combination, to establish a person's connection to contraband: (1) the accused's presence when the search was conducted; (2) whether the contraband was in plain view; (3) the accused's proximity to and the accessibility of the contraband; (4) whether the accused was under the influence of narcotics when arrested; (5) whether the accused possessed other contraband or narcotics when arrested; (6) whether the accused made incriminating statements when arrested; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the accused owned or had the right to possess the place where the contraband was found; (12) whether the contraband was found in an enclosed place; (13) whether the accused was found with a large amount of cash; and (14) whether the conduct of the

accused indicated a consciousness of guilt. *Id.* at 162 n. 12; *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Appellant argues that the evidence is insufficient to support his conviction because (1) appellant did not have exclusive possession of the house; (2) the contraband was not found in plain view; (3) the house was not in livable condition; (4) appellant was not in possession of, or under the influence of, narcotics; (5) appellant made no incriminating statements; (6) no fingerprints or DNA were collected; (7) appellant did not attempt to flee or make furtive gestures; and (8) there was no odor of contraband in the house.

The jury heard evidence that appellant had been seen at the house several times including six days earlier when he told Smith that he lived at the house. Although the ownership of the house was not yet determined, appellant had a key to the house in his pocket and keys to one of the cars in the driveway. Appellant had been observed conducting what officers believed to be a hand-to-hand drug transaction in front of the house six days before appellant's arrest. Officers did not see any other individuals in the house on either December 11 or December 17. Appellant's failure to give a real name or birthdate on December 11 can be considered as evidence indicating a consciousness of guilt. *See Ly v. State*, 273 S.W.3d 778, 782 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (lying to law enforcement officers demonstrates a consciousness of guilt).

Appellant relies on *Allen v. State*, 249 S.W.3d 680, 691 (Tex. App.—Austin 2008, no pet.), in which the Austin Court of Appeals concluded that the evidence was insufficient to support a possession-of-narcotics conviction. The facts in *Allen* are distinguishable from the facts in this case. In *Allen,* the evidence only established that the defendant was present in an apartment in which she did not reside when cocaine was found secreted throughout the house: in a plastic bag

within a closed dog food bag in the dining room; under the kitchen sink; in a kitchen cabinet; and on a platter on top of a refrigerator. The Austin Court of Appeals held that this evidence was legally insufficient to support a conviction for possession of cocaine. *Allen,* 249 S.W.3d at 695–97, 703. In this case, appellant admitted to living in the house; the cocaine was found in the refrigerator and was immediately apparent when opening the refrigerator; appellant initially lied to law enforcement officers about his identity; and appellant had been seen conducting a hand-to-hand transaction in front of the house, which officers suspected was a drug transaction.

In deciding whether the evidence is sufficient to link the cocaine to appellant, the jury as the fact finder is the exclusive judge of credibility of the witnesses and the weight to be given to their testimony. *Poindexter*, 153 S.W.3d at 406. The jury must resolve conflicts in the evidence and is free to accept or reject any or all of the evidence presented by either side. *See Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Based upon the verdict, the jury chose to believe that appellant possessed the cocaine and knew it was in the refrigerator of the house in which he lived. The jury was in the best position to evaluate the credibility of the witnesses, and we afford due deference to this determination. *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

The absence of several links—no attempt to flee, no furtive gestures, no large amount of cash—is not dispositive. Each case must be determined on its own facts, and factors that contribute to the sufficiency of the evidence in one situation may be of little value under different facts. *See Roberts*, 321 S.W.3d at 552. We conclude that the links established by the evidence in this case are sufficient to support a finding that appellant knowingly possessed the cocaine. We overrule

appellant's first issue.

## II. Appellant waived his constitutional challenge.

In his second issue appellant contends the statutory definition of "adulterants and dilutants" is facially unconstitutional and void for vagueness in contravention to the rights of criminal defendants under the due process clauses of the United States Constitution. Because appellant did not present this challenge to the trial court, we hold he has waived this complaint. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding facial constitutional challenge must be presented to trial court first to be preserved for appeal). Because he did not preserve error, we overrule appellant's second issue.

We affirm the trial court's judgment.


/s/    William J. Boyce
        Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).