**Affirmed and Memorandum Opinion filed June 11, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00237-CR

## DEVANE BERNARD SALTERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 13CR0588**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Devane Bernard Salters of possession of a controlled substance. On March 3, 2014, the trial court sentenced appellant to confinement for five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

## RELEVANT EVIDENCE

Officer Johnson was on patrol around 3:00 a.m. when he observed a vehicle turn without using a signal. He then saw the vehicle parked on the front lawn of a house. Johnson turned on his spotlight and saw a female, later identified as Crystal Capitello, standing outside of the driver's door with her head leaning into the window of the driver's side. Johnson saw two people in the front seat and, within a few seconds, saw a third person sit up in the back seat. Johnson observed movement in the front of the car; it was rocking back and forth as if someone was moving inside the vehicle. Johnson testified such movement indicated someone was attempting to conceal or destroy narcotics or a weapon, some type of contraband.

Johnson made contact with Capitello. She lived at the house and told Johnson she knew the people in the car; they were dropping off her friends. However, no doors were open and no one was exiting the vehicle. It did not appear the vehicle was in park because the brake lights were on. Capitello appeared intoxicated – her speech was slurred and she smelled of alcohol.

Johnson went to the vehicle to identify the persons inside. He identified the driver as appellant; the other two people gave Johnson their names but did not have any identification. Johnson learned the two passengers both had outstanding warrants and they were arrested. Based upon his conversations with Capitello and one of the passengers, identified as Ms. Thomas, as well as his observations, Johnson believed a narcotics transaction had been occurring between appellant and Capitello.

Officers Minor and Crumpley had arrived to assist and Johnson motioned for them to place appellant under arrest. Johnson testified he was arresting appellant

for the turn signal violation. A large amount of cash[1] was found in appellant's pocket. Johnson testified that someone selling narcotics typically carries a large amount of cash and only a small amount of narcotics. The narcotics are usually concealed. In Johnson's experience, the drugs are concealed on their person – in their mouth, pockets, waistband of underwear, a hat, or inside a shoe or sock. Those are the places he checks if he arrests someone suspected of dealing drugs.

After Crumpley arrested appellant, Johnson observed them walk to the rear of the car and appellant was searched incident to the arrest. Crumpley asked Johnson for an evidence bag. Johnson recovered a piece of white substance from the ground, right next to appellant. Johnson field-tested the substance and it was positive for cocaine.

Crumpley testified that he responded to Johnson's call and saw Johnson and Minor patting down two persons, one was appellant. Crumpley testified that Minor was patting down appellant's outer clothing for any possible weapons. Johnson signaled Crumpley to handcuff appellant and he did. Crumpley then personally checked appellant for weapons. Crumpley considered appellant as detained, not arrested. Crumpley asked appellant "if he minded kicking his shoes off for [him]." Appellant said he would, but they were strapped on and Crumpley would need to release the strap for him. Crumpley bent over and released the strap. Crumpley testified that when someone is detained or arrested, he has them take their shoes off to pat down the outside of their socks because people will put weapons inside their sock. Appellant kicked off his shoe and Crumpley observed a small white-colored substance fall from his left shoe onto the grass.

---

[1] Later determined to be $1,595.

3

Appellant testified that when he was asked to step out of the vehicle:

> Immediately he pushed me against the car and one officer was on this side and another officer was on this side (indicating). And the officer that was on this side (indicating), was reaching -- grabbing, you know, grabbing for my money. And they pat me and searched me down all the way to my boots. One had this side of the boot and the other had this side of the boot (indicating).

According to appellant, two officers other than Crumpley searched him first and searched his boots. Then Crumpley searched him. Appellant testified that Crumpley told him to take off his boots and he did not give consent.

The record reflects the trial court agreed to include an article 38.23 instruction as to Johnson's traffic stop but not Crumpley's search of appellant. Counsel then agreed and advised the trial court that he had no objection to the proposed jury charge. In his sole issue, appellant claims the trial court erred in failing to include a jury instruction in accordance with article 38.23 as to Crumpley's actions. *See* Tex. Code Crim. Proc. Art. 38.23.

### STANDARD OF REVIEW

We review jury charge error in a two-step process. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). First we determine whether error exists in the charge. *Id*. If there is error, we then review the record to determine whether sufficient harm was caused by the error to require reversal of the conviction. *Id*. When the accused has properly objected to the error in the jury charge, reversal is required unless the error was harmless. *Id*. at 743; *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). However, when a defendant fails to request such an instruction, we review the alleged error for egregious harm. *Roberts v. State*, 321 S.W.3d 545, 553 (Tex. App.—Houston [14th Dist.] 2010, pet.

ref'd) (citing *Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004), and *Ortiz v. State*, 144 S.W.3d 225, 231 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd)).

## RIGHT TO ARTICLE 38.23 INSTRUCTION

Article 38.23 provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a). A defendant's right to the submission of an instruction under article 38.23(a) "is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Jones v. State*, 338 S.W.3d 725, 740 (Tex. App.—Houston [1st Dist.] 2011, pet. filed) (quoting *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007)).

There are three requirements that must be met before a trial court is required to the include an article 38.23(a) instruction in the jury charge: (1) the evidence heard by the jury must raise an issue of fact regarding whether evidence was illegally obtained; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Cadoree v. State*, 331 S.W.3d 514, 521 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). In order to raise a disputed fact warranting an article 38.23(a) instruction, there must be some affirmative evidence

that contravenes the existence of that fact. *Id.* Questions do not create a conflict in the evidence, although the witness's answers to those questions might. *Id.* Further, a factual dispute is not created by the jury's right to disbelieve a witness's testimony. *Id.*

## ANALYSIS

The jury heard contested evidence on the factual issue of whether appellant consented to the search of his boots. Appellant and the State disagree about whether the issue is material and thus entitled appellant to an article 38.23(a) instruction. Appellant argues that because he did not consent to the search the evidence was illegally obtained and the instruction was required. The State argues the dispute is not material because the search was legal irrespective of appellant's consent.

Appellant relies upon Crumpley's testimony that appellant was not under arrest and had the right to refuse the request to remove his boots in support of his assertion that the search occurred prior to his arrest. Assuming, without deciding, appellant was not under arrest, there has been no challenge to the legality of appellant's detention. The search is therefore subject to usual notions of a limited search for weapons incident to a lawful detention.

When an officer is justified in believing that an individual is armed and presently dangerous, the officer may conduct a pat-down search to determine whether the person is carrying a weapon. *O'Hara v. State*, 27 S.W.3d 548, 550 (Tex. Crim. App. 2000). The officer need not be absolutely certain that the individual is armed; he need only be able to point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant the intrusion. *Id.* The issue is whether a reasonably prudent person would justifiably believe that his safety or that of others was in danger. *Id.* The fact that

6

the officer does not testify that he was in fear is not dispositive. *Id.* at 551. Regardless of whether the officer stated he was afraid, the validity of the search must be analyzed by determining whether the facts available to the officer at the time of the search would warrant a reasonably cautious person to believe the action taken was appropriate. *Id.* It is not necessary that the officer be personally aware of every fact that supports the intrusion; it is the cumulative information known to the cooperating officers at the time that is considered. *See Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011) (citations omitted) (applying collective-knowledge doctrine to a warrantless detention).

The stop occurred at 3:00 a.m. in the morning and was reported as "a suspicious vehicle." Two of the three occupants of the car were arrested for outstanding warrants. Johnson received information that appellant was conducting a narcotics transaction. A large amount of cash consistent with narcotics trafficking was found in appellant's pocket. Johnson signaled Crumpley to handcuff appellant. Crumpley testified that when he detains or arrests a person, he personally checks that person for weapons. Crumpley explained that he checks socks because, in his experience, that is a place where weapons may be hidden.

The question in this case is whether there were material factors present which gave rise to a reasonable belief that appellant might be armed and dangerous. *See Sargent v. State*, 56 S.W.3d 720, 725–26 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Appellant was detained because there was a reasonable belief he had just committed a drug crime and, inferentially, was continuing to commit a crime by holding narcotics with intent to distribute. *See id.* A police officer's reasonable belief that a suspect is armed and dangerous may be predicated on the nature of the suspected criminal activity. *Id.* (citing *Terry v. Ohio*, 392 U.S. 1 at 27–28, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); and

7

*Carmouche v. State*, 10 S.W.3d 323, 330 (Tex. Crim. App. 2000)). In addition to the articulable suspicion that appellant was a drug dealer, the encounter took place on the roadside and such encounters between police and suspects are especially hazardous. *Id.* (citing *Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)). Under the circumstances presented in this case, we find the officers pointed to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warranted the pat-down of appellant for weapons. *See Sargent*, 56 S.W.3d at 725–26 (citing *Terry*, 392 U.S. at 27, 88 S.Ct. 1868).

Because the search in this case was a limited search for weapons pursuant to a lawful detention, the evidence was legally obtained. Accordingly, the contested factual issue is not material to the lawfulness of the challenged conduct in obtaining the evidence. We therefore find the trial court did not err in failing to instruct the jury pursuant to article 38.23(a) as to Officer Crumpley.

Appellant's issue is overruled and the judgment of the trial court is affirmed.


/s/    Marc W. Brown
       Justice


Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).