

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1225-19

### ORLANDO BELL, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### BURLESON COUNTY

**SLAUGHTER, J., filed a concurring opinion in which YEARY, J., joined.**

### <u>CONCURRING OPINION</u>

I agree with the Court's conclusion that the defect in the punishment-phase jury instructions here constituted ordinary charge error, such that the error is subject to a harm analysis under *Almanza*[1] before reversal and a new punishment hearing is appropriate.

---

[1] 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g).

Thus, the court of appeals erred to conclude that the erroneous wording in the charge rendered Appellant's sentence "illegal" such that he was automatically entitled to a new punishment hearing. Nevertheless, I write separately to express my agreement with one limited aspect of the court of appeals' analysis—its view that our decision in *Niles v. State,* 555 S.W.3d 562 (Tex. Crim. App. 2018), is distinguishable from this situation and does not directly control resolution of this case. *See Bell v. State*, No. 07-18-00173-CR, 2019 WL 6205460, at *2 (Tex. App.—Amarillo Nov. 19, 2019) (mem. op. on reh'g).

In concluding that *Niles* was distinguishable from the instant case, the court of appeals noted that, in *Niles*, the defect in the jury instructions amounted to the complete omission of an essential element of the offense (specifically, in a prosecution for terroristic threat, whether the victims were public servants, which was a finding required to elevate the offense from a Class B to a Class A misdemeanor). *Id.*; *see also Niles,* 555 S.W.3d at 564. By contrast, here, the error in the instructions is far less egregious and merely involves erroneous wording in the punishment enhancement charge under Section 12.42(d), pertaining to the sequencing of Appellant's prior convictions. Nothing is "missing" from the charge entirely, as was the case in *Niles*. And unlike the situation in *Niles*, the jury has not failed to render any finding essential to a determination of Appellant's guilt. I therefore agree with the court of appeals that, given these distinctions, reliance on *Niles* is unwarranted.

I further note that because the error in *Niles* involved the complete omission of an essential element of the offense from the jury instructions, the Court found that it implicated federal constitutional protections under the Supreme Court's decision in

*Apprendi v. New Jersey,* 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that under the Fifth and Sixth Amendments, "*other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). But this case *does* involve the fact of Appellant's prior convictions, and so the Court's analysis in *Niles* focusing on the nature of *Apprendi* error is not implicated here.[2] This distinction is important with respect to the applicable harm standard. Whereas constitutional errors under *Apprendi* may be subject to evaluation under the constitutional harmless-beyond-a-reasonable-doubt standard, the non-constitutional error in the jury instructions here clearly does not trigger that heightened harm standard and instead falls under *Almanza*'s less demanding some-harm or egregious-harm standards. *Compare* TEX. R. APP. P. 44.2(a), *with Almanza*, 686 S.W.2d at 171. Thus, the Court's reliance on *Niles* here overlooks this key distinction and may confuse the bench and bar with respect to the harm standard that applies to this type of error. In short, because this case involves a complaint purely with respect to erroneous wording in the punishment-enhancement

---

[2] In light of this aspect of *Apprendi*, the federal courts of appeals have declined to apply *Apprendi* to claims involving punishment enhancement based on a defendant's criminal history. *See, e.g., United States v. Williams,* 855 Fed. App'x 635, 640 (11th Cir. 2021) (rejecting defendant's claim that he was constitutionally entitled to jury finding that his prior felonies used for enhancement purposes were committed on different dates; under *Apprendi*, "the law is clear that a defendant's prior convictions do not have to be alleged in the indictment nor proven to the trier of fact beyond a reasonable doubt."); *United States v. Dudley,* 5 F.4th 1249, 1260 (11th Cir. 2021) ("Finally, like many of our sister circuits, we have repeatedly rejected the argument that judicially determining whether prior convictions were committed on different occasions from one another . . . violates a defendant's Fifth and Sixth Amendment rights" under *Apprendi*) (and collecting cases from other circuits).

charge, and not the entire omission of a statutory element in violation of the defendant's Fifth and Sixth Amendment rights under *Apprendi*, *Niles* should not apply.

While I would not rely on *Niles*, I agree with the Court that this situation falls squarely within our analytical framework for evaluating charge error arising when a trial judge fails to properly instruct the jury in accordance with the "law applicable to the case." TEX. CODE CRIM. PROC. art. 36.14. The Court correctly holds that such errors are subject to an analysis for harm and do not warrant automatic reversal of the judgment on punishment. Therefore, the court of appeals ultimately erred.[3] Given my agreement with the Court's holding, but disagreeing with its reliance on *Niles*, I can concur only in the Court's judgment.

FILED: December 8, 2021
PUBLISH

---

[3] I briefly note here that at least two intermediate appellate courts have applied the *Almanza* framework to errors in the charge under Section 12.42. *See Roberts v. State,* 321 S.W.3d 545 (Tex. App.—Houston [14th Dist.] 2010) (applying *Almanza* egregious harm standard to error where the jury charge erroneously instructed jury to find all alleged enhancements true, but defendant actually pled not true to one of four alleged prior convictions); *Reynolds v. State*, 227 S.W.3d 355 (Tex. App.—Texarkana 2007) (finding that omission of requirement from punishment charge that prior convictions be proved beyond a reasonable doubt was charge error subject to *Almanza* harm analysis).