**Opinion issued July 16, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00857-CR

———————————

**JESSE DIMAS ALVARADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1410607**

---

### MEMORANDUM OPINION

Appellant, Jesse Dimas Alvarado, was found guilty by a jury of the offense

of unlawful possession of a firearm by a felon.[1]   The trial court assessed

Appellant's punishment at five years in prison.  In two issues on appeal, Appellant

---

[1]      *See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon 2011).

asserts that the evidence was insufficient to support the judgment of conviction and that he received ineffective assistance of counsel at trial.

We affirm.

## Background

Appellant was convicted of the offense of sexual assault of a child on August 12, 2003. He was sentenced to eight years in prison. Appellant was released from prison on July 1, 2011.

On December 5, 2013, several law enforcement agencies, working together, executed a search warrant on Appellant's family home as part of a child pornography investigation.[2] The target of the investigation was Appellant's brother, Alfred. Appellant, Alfred, and their mother were at home when the warrant was executed. Appellant was asleep in a bedroom.

During the search of the home, Houston Police Officer D. Nieto found a firearm, a 9 millimeter pistol, on the shelf of the closet in the bedroom where Appellant had been sleeping. The gun was in a nylon holster with the butt of the gun facing outward. Men's clothing was hanging in the closet. When the officer asked whose bedroom it was, Appellant responded that it was his room. Appellant's wallet containing his driver's license and his Texas Department of Criminal Justice offender card was found in the bedroom. Drug paraphernalia—

---

[2] The jury in this case was not informed of the purpose of the search warrant.

including various scales and different size plastic baggies of the type used to package narcotics—was also recovered from the bedroom.

The police searched a car belonging to Appellant's other brother, Rudy. Inside the car, they found a large quantity of illegal drugs. Rudy was not at the scene, but he was later arrested and convicted for illegal drug possession.

Appellant was arrested and later charged with the offense of unlawful possession of a firearm by a felon. At trial, Officer Nieto testified that he was the police officer who found the pistol on a shelf of the bedroom closet. He testified that the pistol was not hidden or obstructed by anything on the shelf. He stated anyone who entered the closet and looked up would have seen the butt of the pistol.

R. Ackley, an investigator with the Harris County Sherriff's Office, also participated in the search of the home. Investigator Ackley testified that he saw the pistol on the shelf of the bedroom closet. He stated that the shelf was at eye level, about five feet high. He testified that the pistol was clearly visible on the shelf. He stated that the pistol was in a holster, with the handle of the gun facing out and the barrel of the gun pointing into the closet. He testified that the pistol was stuffed between two shopping bags but the handle was sticking out far enough that he could tell that it was a gun.

Photographs of the closet and of the shelf with the pistol were also admitted into evidence. In the photographs, the pistol was laying on the shelf with nothing around it. On cross-examination, Officer Nieto acknowledged that pistol had been taken off the shelf and cleared of ammunition, replaced on the shelf and then photographed. He did not agree that, when he initially found the pistol, it had been stuffed between two shopping bags as Investigator Ackley had testified.

Appellant's brother, Alfred, and Appellant's mother testified for the defense. Alfred stated that he had purchased the pistol about six months before the search for home protection. Alfred explained that the bedroom where the pistol was found had previously been his bedroom. Appellant moved into the bedroom where the pistol was found approximately six months before the search, and Alfred had moved to another bedroom.

Appellant's mother, Juanita, testified that the items on the shelf where the pistol was found belonged to her; however, the clothes hanging in the closet belonged to Appellant. Juanita stated that she did not know that the pistol was in the closet.

In closing argument, the defense asserted that the State's photographs, showing the pistol laying in plain view on the shelf did not accurately reflect where the pistol had been in the closet when it was found by Officer Nieto. The defense pointed to the testimony of Investigator Ackley indicating that the pistol had been

4

stuffed between two shopping bags. The defense relied on Alfred's testimony indicating that he had purchased the pistol and placed it in the closet.

In its closing argument, the State pointed out that both Officer Nieto and Investigator Ackley testified that the pistol was in plain view in the closet. The State also pointed out that, under the law, the jury did not need to find that Appellant owned the pistol in order to find that he possessed it.

The jury found Appellant guilty of the offense of unlawful possession of a firearm by a felon. Appellant elected to have the trial court assess punishment. At the punishment hearing, the State reoffered the evidence from the guilt-innocence phase, which was admitted for punishment purposes. The defense requested that Appellant receive the minimum prison sentence of two years, and the State requested that the trial court assess a six-year sentence. At the conclusion of the hearing, the court sentenced Appellant to five years in prison. Appellant did not file a motion for new trial.

Appellant now appeals, raising two issues.

## Sufficiency of the Evidence

In his first issue, Appellant asserts that the evidence was insufficient to support his conviction for the offense of unlawful possession of a firearm by a felon. Specifically, Appellant claims that "the evidence does not affirmatively link the pistol in question to appellant."

## A. Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *See Matlock v. State*, 392 S.W.3d 662, 673 (Tex. Crim. App. 2013); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Pursuant to the *Jackson* standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and

to draw reasonable inferences from basic facts to ultimate facts.  *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational.  *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

In our review of the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.  *Clayton*, 235 S.W.3d at 778.  Finally, "[e]ach fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction."  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

## B.      Elements of the Offense and Pertinent Legal Principles

To establish the offense of unlawful possession of a firearm by a felon, the State must show that the defendant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of the person's release from confinement.  TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon 2011).  Appellant does not dispute that he had a prior felony conviction or that it has been less than five years since his release from prison; rather, he challenges only the sufficiency of the evidence to prove that he possessed a firearm.

7

The Penal Code defines possession as "actual care, custody, control, or management." *Id.* § 1.07(a)(39) (Vernon Supp. 2014). A person commits a possession offense only if he voluntarily possesses the prohibited item. *Id.* § 6.01(a) (Vernon 2011). Possession is voluntary if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Id.* § 6.01(b).

We analyze cases involving possession of a firearm by a felon under the sufficiency-of-the-evidence rules adopted for cases involving possession of a controlled substance. *See Corpus v. State*, 30 S.W.3d 35, 37 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). In such cases, the State is required to prove that a defendant knew of the firearm's existence and that he exercised actual care, custody, control, or management over it. *See id.* at 38; *see also* TEX. PENAL CODE ANN. § 1.07(a)(39). If the firearm is not found on the defendant's person or is not seen in the defendant's exclusive care, custody, control, or management, the State must offer additional, independent facts and circumstances that link the defendant to the firearm. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

Possession need not be exclusive. *Wiley v. State*, 388 S.W.3d 807, 813 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (citing *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985)). When the accused is not in exclusive

8

possession of the place where the firearm is found, then additional, independent facts and circumstances must affirmatively link the defendant to the firearm in such a way that it can reasonably be concluded that the defendant had knowledge of the contraband and exercised control over it. *See Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Roberts v. State*, 321 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). The evidence, whether direct or circumstantial, must establish, to the requisite level of confidence, that the accused's connection with the firearm was more than just fortuitous. *See Poindexter*, 153 S.W.3d at 405–06 (quoting *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).

A nonexclusive list of factors that may establish a link between a defendant and a firearm found inside a house, which was not in the defendant's exclusive control, includes whether (1) the defendant was present at the time of the search; (2) the defendant was the owner of or had the right to control the location where the firearm was found; (3) the firearm was in plain view; (4) the defendant was in close proximity to and had access to the firearm; (5) firearms or other contraband was found on the defendant; (6) the defendant attempted to flee; (7) conduct by the defendant indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (8) the defendant had a special connection or relationship to the firearm; (9) the place where the firearm was found was enclosed; and (10)

9

affirmative statements connected the defendant to the firearm, including incriminating statements made by the defendant when arrested. *Jones v. State*, 338 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012).

When deciding whether the evidence is sufficient to link a defendant to a firearm, the fact finder is the exclusive judge of the credibility of the witnesses and of the weight to be given to their testimony. *See Poindexter*, 153 S.W.3d at 406. The jury is allowed to infer the defendant's knowledge from his acts, conduct, remarks, and from the surrounding circumstances. *See Krause v. State*, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

No formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *See Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). The link between the defendant and the firearm need not be so strong that it excludes every other outstanding reasonable hypothesis except the defendant's guilt. *See Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). In sum, it is the logical force of the evidence, and not the number of links, that supports a fact finder's verdict. *Evans v. State*, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

## C.      Analysis

To support his challenge that insufficient evidence was presented to link him to the recovered handgun, Appellant points to evidence that it was his brother, Alfred, who had purchased the pistol for home protection, and it was Alfred who had placed the pistol in the closet when it had been Alfred's bedroom.  Appellant also points out that a number of people lived in the house.  However, the State was not required to show that Appellant owned the pistol or that he exercised sole control over it.  *See Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd) (holding State is not required to prove defendant had exclusive possession of firearm).

Appellant also asserts that the pistol was not in plain view.  He claims that he would only have seen it if he opened the closet door and looked at the pistol. He points out that Investigator Ackley testified that the pistol was stuffed between two bags on the shelf.  Appellant further avers that the State presented no evidence regarding a number of the link factors.  He asserts he made no incriminating statements or furtive gestures; he also did not attempt to flee.

Generally, Appellant correctly cites the record.  However, the absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links that are present.  *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).  Appellant's analysis does not

11

appropriately view the evidence in the light most favorable to the verdict and improperly discounts evidence linking him to the pistol recovered from the closet. A factor that is of little or no value in one case may be the turning point in another. *See Nhem v. State*, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

The State offered evidence linking Appellant to the firearm. Appellant was asleep in the bedroom where the closet was located when the search began. Appellant told the police that it was his bedroom. His wallet, driver's license, and offender's registration card were found in the bedroom. Alfred testified that it had been Appellant's bedroom for six months. Alfred also testified that he had purchased the pistol about six months before the search.

The evidence further showed that it was Appellant's clothes hanging in the closet. Officer Nieto and Investigator Ackley testified that the pistol was in plain view on the shelf. Although he stated that the pistol was stuffed between two bags, Investigator Ackley testified that the pistol was visible, and it was identifiable as a gun. Investigator Ackley also testified that the shelf was eye level, being about five feet from the floor.

The circumstantial evidence outlined above, when viewed in combination, constitutes sufficient evidence connecting Appellant to the firearm, not merely fortuitous proximity. *See Poindexter*, 153 S.W.3d at 405–06. Although Appellant

12

cites link factors on which the State presented no evidence, as well as evidence that weighs in his favor, "[i]t is the logical force of the circumstantial evidence, not the number of links, that supports a jury's verdict." *See Evans*, 202 S.W.3d at 166.

Viewing the evidence in a light most favorable to the verdict, we conclude that a rational fact finder could have found beyond a reasonable doubt that Appellant possessed the firearm; that is, that he knew of the pistol's existence and exercised care, custody, control, or management over it.[3] *See Jackson*, 443 U.S. at

---

[3] As part of his sufficiency challenge, Appellant asserts that, even if the evidence was sufficient to link him to the firearm, he should nonetheless be acquitted because, under the narrow circumstances of this case, he had a state and a federal constitutional right to bear arms. *See* U.S. CONST. amend. II ("A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."); TEX. CONST. art. I, § 23 ("Every citizen shall have the right to keep and bear arms in the lawful defence of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime."). Appellant points out that the evidence showed that his home was in a high crime area, and it had been the target of criminal activity in the past. Appellant claims that, under these circumstances, he had a constitutional right to possess a firearm to defend his home, despite his status as a felon. Appellant asserts that to hold the evidence sufficient to support his conviction would violate his state and federal rights to bear arms. Although woven into his sufficiency-of-the evidence challenge, Appellant's complaint is an as-applied constitutional challenge to Penal Code section 46.04. *See Adams v. State*, 222 S.W.3d 37, 53 (Tex. App.—Austin 2005, pet. ref'd) ("Under an 'as applied' challenge, the challenging party contends that the statute, although generally constitutional, operates unconstitutionally as to him or her because of the challenging party's particular circumstances . . . ."). Appellant did not raise his constitutionality challenges in the trial court. Thus, it has not been preserved for review in this Court. *See Flores v. State*, 245 S.W.3d 432, 437 n. 14 (Tex. Crim. App. 2008) (noting the "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial"); *see also Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that facial challenge to constitutionality of statute is forfeitable right that is waived if defendant fails to raise it in trial court).

319, 99 S. Ct. at 2789; *Jones*, 338 S.W.3d at 743. We hold that the evidence is sufficient to support the judgment of conviction for the offense of unlawful possession of a firearm by a felon.

We overrule Appellant's first issue.

## Ineffective Assistance of Counsel

In his second issue, Appellant asserts that he received ineffective assistance of counsel at trial.

## A.     Applicable Legal Principles

To prevail on a claim of ineffective assistance of counsel, an appellant must show the following: (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). The first *Strickland* prong requires an appellant to overcome the strong presumption that counsel's performance falls within a wide range of reasonable professional assistance. *See Andrews*, 159 S.W.3d at 101. The second *Strickland* prong requires an appellant to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See id.* at 102. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *See id.*

14

An appellant has the burden to establish both prongs by a preponderance of the evidence. *See Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). A failure to show either (1) deficient performance or (2) sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Carballo v. State*, 303 S.W.3d 742, 750 (Tex. App.— Houston [1st Dist.] 2009, pet. ref'd).

## B.     Analysis

Appellant asserts that defense counsel's performance at trial was deficient because counsel did not object to police and prison records contained in State's Exhibit 4, business records from the Texas Department of Criminal Justice, and in State's Exhibits 27 and 27A, Appellant's pen packets. The State offered these documents into evidence to prove Appellant's prior felony conviction for sexual assault and to show Appellant's release date from prison, both relevant to proving elements of the instant offense of unlawful possession of a firearm by a felon. Appellant complains that counsel should have objected to the portions of these exhibits revealing the following: (1) disturbing allegations related to the sexual-assault count for which Appellant was convicted; (2) details of a second count of sexual-assault that was abandoned by the State; (3) misconduct by Appellant while he was in prison; (4) the fact that Appellant is a registered sex offender; (5)

notations indicating that Appellant had been arrested seven times for other offenses and had used illegal drugs.

Normally, counsel is afforded an opportunity to explain his actions before being condemned as unprofessional or incompetent, such as with a hearing on a motion for new trial or with the filing of an affidavit. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); *Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Here, Appellant did not file a motion for new trial, and the record is otherwise devoid of any explanation regarding counsel's reasons or strategy for not objecting to the complained-of exhibits. Appellant asserts that there could be "no imaginable trial strategy" to justify the lack of objection. We disagree.

The allegedly objectionable information was not contained in testimony heard by the jury; rather, it was contained in documentary evidence, part of which was admissible to prove elements of the instant offense. It is possible that trial counsel strategically choose not to object to the complained-of portions to avoid drawing the jury's attention to the information. *See Bollinger v. State*, 224 S.W.3d 768, 781 (Tex. App.—Eastland 2007, pet. ref'd) (observing that counsel may choose not to object to evidence because "an objection might draw unwanted attention to a particular issue"); *Cooper v. State*, 788 S.W.2d 612, 618 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (overruling ineffective-assistance issue

16

when objection to allegedly inadmissible testimony would have likely focused jury's attention on fact that was unfavorable to defendant).

In any event, the record is silent regarding trial counsel's strategy and his reasons for not objecting to this evidence. Appellant has failed to overcome the presumption that trial counsel's actions were sound trial strategy. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *see also Warren v. State*, 377 S.W.3d 9, 20 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (stating appellate court, in absence of evidence of evidence of counsel's reasons, will assume strategic motivation for counsel's failure to object). We conclude Appellant has not shown counsel's performance fell below an objective standard of reasonableness. *See State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008); *Bone*, 11 S.W.3d at 834.

Moreover, Appellant has not established the second *Strickland* prong. Appellant does not point to any place in the record where the State referenced or otherwise highlighted the complained-of evidence. The primary issue at the guilt-innocence stage was whether Appellant possessed the pistol. That was the focus of the State's evidence and its argument.

The State did reoffer all of its evidence at the punishment phase of trial; however, it did not specifically mention the complained-of evidence during the

punishment phase. Rather, the State pointed to the evidence showing what had been discovered during the search of Appellant's family home.

In its closing statement, the State acknowledged that Appellant should not receive the maximum ten-year sentence by requesting the trial court to assess a six-year sentence. The defense requested the minimum two-year sentence, pointing out that the instant offense involved no victim or property damage. The trial court assessed Appellant's punishment to be five years in prison.

We conclude that Appellant has not demonstrated a reasonable probability that the result of the proceedings would have been different but for counsel's failure to object. We hold that appellant has failed to show, by a preponderance of the evidence, that he received ineffective assistance of counsel at trial. *See Strickland*, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068.

We overrule Appellant's second issue.

### Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).