In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-21-00266-CR
_____

## JULIE ANN HERRERA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR34606**

## MEMORANDUM OPINION

Julie Ann Herrera appeals her conviction for possession of a controlled substance greater than four grams and less than two hundred grams. *See* Tex. Health & Safety Code Ann. § 481.115(d); Tex. Penal Code Ann. § 12.42. After a jury found Herrera guilty of the aforementioned crime, she plead true to one enhancement paragraph, and was sentenced to fifteen years' incarceration in the Texas Department

of Criminal Justice. In one issue on appeal, Herrera challenges the sufficiency of the evidence that she had possession of the controlled substance. We affirm.

## Background

We limit the recitation of the background information to the single issue presented to the Court. Sergeant Paul Young testified that he has been employed by the Liberty County Sheriff's Office for nine years. During his career he has investigated "numerous" substance abuse cases, detailing that methamphetamines, in particular, are prevalent in Liberty County.

In January 2019, Young was investigating a report of a stolen gooseneck trailer and an RV in Liberty County. In the course of his investigation, he located what he believed to be the stolen RV. He spoke to a man named Rodney Steward, who stated the RV belonged to his deceased mother. He described the size of the RV as "20 to 25 feet[,]" with one main bedroom. Young noted that the RV had been spray painted, decals removed, and had fictitious license plates. Young made the decision to impound the RV, to determine whether the RV was stolen by locating a second vehicle identification number on the RV.

Young stated that Herrera was Steward's girlfriend and was inside the RV in the "main master bedroom." When he entered the RV, Young observed bags and baskets with female clothing in both the front of the RV and the bedroom. He believed the arrangement of the bags indicated that the female lived in the RV, and

2

were not placed as "as if someone just came and stayed the night or anything." Young conducted an inventory of the RV, and was told by Steward that there was a handgun in the RV bedroom. He went into the RV, found Herrera lying in bed, and told her to get her identification. He described the bedroom as a "very small room[,]" 7 by 7 feet wide, with a double sized bed and a foot and half of space around the rest of the bed. He went to the bedroom to recover the handgun, and found a "zip lock bag containing a large amount of suspected methamphetamines laying on the floorboard or on the floor at the foot of the bed." He stated the bag was open and "anyone could see it." At that point, his investigation changed because he believed the occupants of the trailer were selling methamphetamines. A further search revealed two glass pipes on the nightstand next to Herrera with methamphetamine residue. He also found digital scales, packing material, used syringes, items with methamphetamine residue in the bedroom cabinets above the bed, and additional bags of methamphetamine. The bags of methamphetamine were found on the floor by the bed, in the cabinet above the bed and in Steward's jacket in the bedroom. The bedroom cabinets also contained "a lot of their personal items and everything." Young stated that several items, which he never identified, were in Herrera's "arms reach." He did not believe a reasonable person would be in the RV bedroom and not notice the methamphetamine. Photographs of the bedroom and the methamphetamine and drug paraphernalia were admitted into evidence. He testified

3

a total of five bags of methamphetamine were recovered, four in the bedroom and one in another room. Based on this information, Young arrested both Steward and Herrera.

The defense presented three witnesses.[1] Denis Loonam testified that Herrera lives on his property and was living at his property in January 2019. He admitted on cross-examination that Herrera is not confined to his property and "[s]he could come and go as she pleased[.]"

Steward testified that he was arrested in January 2019 and subsequently pled guilty to the offense of possession with the intent to deliver methamphetamines. He was sentenced to fifteen years' incarceration. He testified that he possessed and controlled the drugs and that Herrera had nothing to do with the drugs. According to Steward, Herrera had only visited the RV "like once[,]" prior to being arrested in January 2019. He agreed that the RV bedroom was small and that Herrera was in close proximity to the drugs and paraphernalia in the bedroom.

A jury found Herrera guilty of possession of a controlled substance, and subsequently sentenced her to fifteen years' incarceration. She timely appealed.

---

[1] The third witness was an employee of the District Clerk's office presenting certified copies of Steward's criminal conviction.

## Sufficiency of the Evidence

In her only issue on appeal, Herrera challenges the sufficiency of the evidence that she was in possession of the methamphetamines found in the RV. In her brief, she argues that the contraband was not affirmatively linked to Herrera to infer her knowledge of the drugs and, therefore, establishing a knowing possession. According to Herrera, the State failed to show that she possessed the methamphetamine found in the bedroom of the RV because she did not own the RV. Herrera argues that her mere presence in the bedroom of the RV is not enough to establish that she knowingly possessed the methamphetamine. The State contends that there are multiple affirmative links connecting Herrera with the methamphetamine.

In evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury is the ultimate authority on the credibility of the witnesses and the weight to be given to their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). An appellate court may not sit as a thirteenth juror and substitute its judgment for that of the factfinder by re-

evaluating the weight and the credibility of the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. A reviewing court must give full deference to the jury's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume the jury resolved such facts in favor of the verdict and defer to that resolution. *See Brooks*, 323 S.W.3d at 899 n.13; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In addition, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper,* 214 S.W.3d at 16-17. We treat direct and circumstantial evidence equally. *Clayton*, 235 S.W.3d at 778.

A person commits an offense of possession of a controlled substance "if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1 or 1-B, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice." Tex. Health & Safety Code Ann. §§ 481.102(6), 481.115(a), (d). This is a second-degree felony offense if "the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams." *Id*. § 481.115(d). "'Possession' means actual care, custody, control, or

management." *Id*. § 481.002(38). "To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 n.32 (Tex. Crim. App. 2015).

> Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous. This is the so-called "affirmative links" rule which protects the innocent bystander–a relative, friend, or even stranger to the actual possessor–from conviction merely because of his fortuitous proximity to someone else's drugs. Mere presence at the location where drugs are found is thus, insufficient, by itself, to establish actual care, custody, or control of those drugs. However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., "links"), may well be sufficient to establish that element beyond a reasonable doubt.

*Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006) (footnotes omitted). Because the "'affirmative links' rule is not an independent test of legal sufficiency[,]" the Court of Criminal Appeals uses the term "'link' so that it is clear that evidence of drug possession is judged by the same standard as all other evidence." *Id*. at 161 n.9.

> Reviewing courts have developed several factors showing a possible link between the accused and contraband, including: (1) the accused's presence when the search was conducted, (2) whether the contraband was in plain view, (3) the accused's proximity to and the accessibility of the contraband, (4) whether the accused was under the influence of narcotics when arrested, (5) whether the accused possessed other

7

contraband or narcotics when arrested, (6) whether the accused made incriminating statements when arrested, (7) whether the accused attempted to flee, (8) whether the accused made furtive gestures, (9) whether there was an odor of contraband, (10) whether other contraband or drug paraphernalia were present, (11) whether the accused owned or had the right to possess the place where the contraband was found, (12) whether the contraband was found in an enclosed place, (13) whether the accused was found with a large amount of cash, and (14) whether the conduct of the accused indicated a consciousness of guilt.

*Roberts v. State*, 321 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Herrera contends the evidence is insufficient to show that she possessed the methamphetamine found inside the bedroom of the RV where she was arrested because (1) the RV belonged to Steward and he owned the drugs, (2) a third individual was not arrested although the drugs were in plain view, (3) no evidence was produced that the female clothing found at the scene belonged to her, and (4) any evidence that Herrera wanted her belongings is different from ownership of that space. The record shows that Herrera was not in exclusive possession of the bedroom where the controlled substance was found. Thus, additional facts and circumstances must link Herrera to the contraband in such a way that the jury could conclude that she had knowledge of the contraband and exercised control over it. *See Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Although the contraband was not in Herrera's exclusive possession, the jury could infer that Herrera intentionally or knowingly possessed the contraband if there are

8

sufficient independent facts and circumstances justifying such an inference. *See Tate v. State*, 500 S.W.3d 410, 413-14 (Tex. Crim. App. 2016); *see also* Tex. Penal Code Ann. § 6.03(a), (b). The State is not required to present evidence on each factor to show a link between Herrera and the methamphetamine, and the absence of a factor is not evidence of innocence that must be weighed against the factors that are present. *See Espino-Cruz v. State*, 586 S.W.3d 538, 544 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd).

The jury could have rationally concluded beyond a reasonable doubt that Herrera possessed the methamphetamine found in the bedroom. Testimony showed that the bedroom was very small, the contraband was in plain view of anyone in the bedroom, and in close proximity to Herrera. *Evans*, 202 S.W.3d at 162 n.12 (using the accessibility and plain view as one of the factors to determine possession). There were two glass pipes that were found on the nightstand next to the bed where Herrera was sleeping, and Young testified that methamphetamine and paraphernalia were also in the cabinets above the bed which included personal belongings. *Id*. Female clothing was also found in the RV and Herrera expressed interest in retrieving her belongings after her arrest. Steward testified Herrera was his girlfriend, and that the other woman was only visiting for the day. Young also stated that he believed the clothing was indicative of someone staying long term in the RV. *See Jackson v. State*, 495 S.W.3d 398, 406-07 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd)

9

(concluding affirmative links of possession when male clothing found in apartment not owned by appellant). While there was contradictory evidence that Steward solely possessed the drugs, and that Herrera did not live in the RV and only visited once, the credibility of the witnesses and the weight given to testimony is for the jury to determine, and the jury as the fact finder may choose to believe or disbelieve some or all of the testimony. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

In summary, the logical force of all the circumstantial evidence, combined with reasonable inferences, is sufficient to show that Herrera had actual care, custody, control, and management of the methamphetamine found in the bedroom. *See Evans*, 202 S.W.3d at 166. Viewing all the evidence in the light most favorable to the State, the jury could reasonably conclude, beyond a reasonable doubt, that Herrera committed the offense of possession of a controlled substance. *See Jackson*, 443 U.S. at 319; *see also Hooper,* 214 S.W.3d at 13. We overrule this issue.

## Conclusion

Having overruled Herrera's sole issue on appeal, we affirm the judgment of the trial court.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on May 5, 2023
Opinion Delivered December 13, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.